**Jared W. KING, Plaintiff–Appellant,**

v.

**State of CONNECTICUT, Defendant–Appellee.**

No. 05–1296CV.

United States Court of Appeals, Second Circuit.

Dec. 19, 2005.

Jared W. King, Coxsackie, NY, for Appellant, pro se.

Robert Deichert, Office of the Attorney General of Connecticut (Maura Murphy Osborne, Assistant Attorney General, Richard Blumenthal, Attorney General), Hartford, CT, for Appellee, of counsel.

PRESENT: McLAUGHLIN, SACK, Circuit Judges, and KOELTL,[1] District Judge.

### SUMMARY ORDER

Jared King, *pro se,* appeals from the judgment of the United States District

States District Court for the Southern District

Court for the District of Connecticut (Janet C. Hall, *Judge* ) dismissing his amended complaint, and from the court's later decision granting his motion for reconsideration but abiding by its original decision.

In his amended complaint, King asserted that the Connecticut Appellate Court's dismissal of his criminal appeal violated the Sixth, Eighth, and Fourteenth Amendments of the Constitution. King sought, among other things, injunctive relief ordering the state court to reopen the appeal. The district court dismissed King's claims for lack of jurisdiction under the *Rooker–Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The court also noted that if King's suit were construed as an action against the individual judges on the state court, the judges would be protected by judicial immunity from damages claims. We agree with the district court on both of these issues for substantially the reasons stated in its opinion. *See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 1521–22, 161 L.Ed.2d 454 (2005). Although the state did not raise the issue, and we may therefore ignore it, *see Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 389, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998), we note that King's claims against the state court "in its official capacity" would appear to be a suit against a state agency, which is barred by the Eleventh Amendment. *See In re Charter Oak Assocs.,* 361 F.3d 760, 765 (2d Cir.2004); *cf. Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Because dismissal of the complaint was proper, the district court did not abuse its

of New York, sitting by designation.

discretion in declining to disturb its initial decision on reconsideration.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.